IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHRISTOPHER W. WALTERS, # 85066                            PETITIONER

VS.                                      CIVIL ACTION NO. 3:16cv711-LG-FKB

COMMISSIONER MARSHALL FISHER, ET AL.                 RESPONDENTS

## REPORT AND RECOMMENDATION

This matter is before the Court on Respondents' Motion to Dismiss as Unexhausted or, in the Alternative, as Without Merit. [9]. Petitioner Walters has responded with a Motion to Answer [11], which the Court construes as a response to the Motion to Dismiss. Respondents argue that the petition should be dismissed because Walters has failed to exhaust state remedies, or in the alternative, because Walters's petition is without merit. For the reasons explained below, the undersigned recommends that the Motion to Dismiss be granted, and that this matter be dismissed without prejudice.

## FACTS AND PROCEDURAL HISTORY

In this petition filed pursuant to 28 U.S.C. § 2254, Walters does not challenge the constitutionality of his convictions. [2], [6]. Instead, he challenges the manner in which the Mississippi Department of Corrections ("MDOC") has determined that his sentences should be served. At issue are three convictions: one from 2005, and two from 2016. Walters alleges that the MDOC has erred by running his two 2016 sentences consecutively to his 2005 sentence, rather than running all three sentences concurrently. According to his Inmate Time Sheet, his total term to serve is twenty-four (24) years, three hundred sixty-four (364) days, which began on August 1, 2007. [2] at 15-17; [6] at 21-22. His tentative discharge date is calculated as March 18, 2027. [2] at 17; [6] at 22.

Turning to his first conviction, on April 6, 2005, Walters pleaded guilty in Lauderdale County Circuit Court Cause No. 04-073 to a charge of possession of precursor chemicals with the intent to unlawfully manufacture a controlled substance. [9-1]. On that same date, the court sentenced him to a term of fifteen (15) years, with one (1) day to serve, with the remainder suspended, as well as five (5) years of post-release supervision. *Id.* The record shows that his post-release supervision was revoked on November 15, 2007, based on a charge of grand larceny, and he was sentenced to serve the remainder of his term of fourteen (14) years, three hundred sixty-four (364) days. [9-2]. Over the following years, Walters was released on and returned from parole on a number of occasions, culminating in his arrest on or about January 28, 2016, on new felony charges before the Jones County Circuit Court. [9-3] at 3. Thereafter, on February 16, 2016, Walters pleaded guilty to possession of methamphetamine with intent to sell (10.518 grams) and grand larceny in Jones County Circuit Court, Cause Nos. 2016-5-KR2 and 2012-212-KR2, respectively. According to the sentencing order, the Jones County Circuit Court sentenced Walters to a term of twenty (20) years, with ten (10) years suspended and ten (10) years to serve, followed by five (5) years of post-release supervision on Cause No. 2016-5-KR2 (possession of methamphetamine with intent to sell). [9-4] at 1. The court sentenced Walters to a term of five (5) years on Cause No. 2012-212-KR2 (grand larceny), to run concurrently with his sentence on the possession of methamphetamine with intent to sell in Cause No. 2016-5-KR2. *Id.* Of note is that the sentencing order did not specify whether the Jones County sentences would run concurrently or consecutively to his 2005 sentence from the Lauderdale County Circuit Court.

According to Walters's Petition [2] and his Motion to Answer [11], he argues that his

sentences on all convictions should run concurrently. Instead, MDOC has determined that his Jones County sentences should run consecutively to his Lauderdale County sentence. Walters argues that MDOC has no power to aggregate the sentences so that they run consecutively.

In an effort to exhaust administrative remedies, Walters filed two separate ARPs challenging the computation of his sentence, ARP SMCI 16-0991 and ARP CMCF-16-1391. *See* [9-5], [9-6]. In both instances, it appears that Walters did not complete the ARP process. In ARP SMCI-16-0991, Walters failed to complete and sign his appeal at the second step, despite being given an extension of five days to complete the process. [9-5] at 7-8. In ARP-CMCF-16-1391, there is no record of submission of a second step response by Walters, despite his being advised to file a Form ARP-2 by the Legal Claims Adjudicator. [9-6] at 8.

The State responded to the Petition with a Motion to Dismiss. [9]. In its motion, Respondent asserts that Walters's claims in his federal habeas petition have not been properly exhausted in state court pursuant to 28 U.S.C. § 2254.

## DISCUSSION

Before federal habeas relief may be granted, a prisoner must exhaust his remedies in state court. 28 U.S.C. § 2254(b)(1). A habeas petitioner has failed to meet the exhaustion requirement "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Respondent argues that the claims raised by Williams in his federal habeas petition have not been properly exhausted in state court.

The undersigned agrees. Because Walters did not complete the appeals process through the Administrative Remedy Program, he has failed to exhaust his remedies before the state courts. Even so, there is the possibility that the state courts would consider a properly filed

motion for post-conviction relief pursuant to the Mississippi Post-Conviction Collateral Relief Act, Miss. Code Ann. § 99-39-1, *et seq.*, regarding these claims. If this is the case, Walters has an available remedy in state court. Because Walters has failed to exhaust his state court remedies, this Court may not grant habeas relief. *See* 28 U.S.C. § 2254(b). Accordingly, the Court declines the State's invitation to address the merits of the petition.

## CONCLUSION

For the reasons stated above, the Respondent's Motion to Dismiss [9] should be granted, and Walters's Motion to Answer [11] should be denied. The undersigned recommends that the petition be dismissed without prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636, *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 1st day of May, 2017.

                                                /s/ F. Keith Ball
                                        UNITED STATES MAGISTRATE JUDGE